## McCreery v. The Jessie Russell.

*(District Court, D. New Jersey.  April 9, 1889.)*

Collision—Steam and Sailing Vessel.

The lighter Barbara was coming down the North river, her sails filled from the starboard side, intending to go as near the Battery as was safe, and into the East river. A tug and sloop were discovered pointing up the river and towards the New York shore. Just before the collision the sloop starboarded her helm to go about, and struck the tug, which, to avoid damage, went ahead at full speed, and struck the lighter in her starboard bow, sinking her. The lighter would have cleared the sloop. *Held* that, as all the lighter had to do was to hold her course, the tug was liable for the collision.

In Admiralty.  Libel for damages.
*Hyland & Zabriskie,* for libelant.
*John Griffin,* for respondent.

Wales, J   On the morning of March 2, 1888, at about 9 o'clock, a collision occurred between the lighter Barbara and the tug Jessie Russell, in the North river, some 200 feet off pier 1.  The lighter was coming down the river from pier 42, bound for the foot of Eighty-Sixth street, East river.  The tide was slack, and the wind blowing a good sailing breeze from the north-east.  The sails of the lighter were filled from the starboard side, her captain intending to go as near the Battery as safety would permit in passing round into the East river.  When off pier 8 he sighted a tug and a sloop a little below pier 1, on a course pointing up the river and towards the New York shore.  Just before the collision the tug, in seeking for a tow. had gone so near to the sloop that when the latter starboarded her helm to go about, her bowsprit scraped the starboard side of the tug which, to avoid further damage, started ahead at full speed, and had hardly cleared the sloop before she ran into the starboard bow of the lighter stem on, and sank her in a few minutes.  The positions of the vessels after the collision show that the lighter would have cleared the sloop.  The excuse made by the owner of the tug is that if she had not interfered the lighter would have run down the sloop; but this unusual defense, if true, cannot justify the neglect of the tug to keep away from the course of a sailing vessel, when by not doing so there would be danger of collision.  The proof is conclusive that the course of the lighter was not changed, and her captain says that, owing to his nearness to the pier just before the collision, it could not have been altered without risk.  The sloop had declined the proffered services of the tug, and, whatever might have been the imminence of the danger to the sloop, it cannot extenuate the fault of the tug in causing the collision.  The want of a special lookout stationed forward on the lighter could not have contributed to the accident, as the captain had an unobstructed view of the movements of the other vessels, and had nothing to do but to hold his course.  Let a decree be entered for the libelant, with an order of reference to ascertain the damages.